JUDGE ROMAN

14 CV 1267

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

NOEL NUGENT,

                              Plaintiff,

     -against-

                                                    COMPLAINT

WHITE PLAINS LINCOLN-MERCURY, INC. and          Jury Demanded
SANTANDER CONSUMER USA, INC.

                              Defendants.
------------------------------------------------------------X



RECEIVED
FEB 2 5 2014
U.S.D.C. S.D. N.Y.
CASHIERS

## Introduction

1.     This is a suit brought by a consumer against the defendant automobile

dealership for entering into a retail installment contract for a motor vehicle and

subsequently breaching that contract and forging a different contract with less

favorable terms and assigning the forged contract to the defendant finance

company.  Plaintiff asserts claims under the Truth in Lending Act and the Equal

Credit Opportunity Act, and he further asserts state law claims for declaratory

relief, for common-law fraud, for violations of New York General Business Law §

349, and for breach of contract.

## Parties

2.     Plaintiff is a resident of Norwalk, Connecticut.

1

3.     Defendant White Plains Lincoln-Mercury, Inc. is a New York Corporation with its principal place of business, a Lincoln dealership, in Westchester County, at 25 West Post Road, White Plains, NY 10606.

4.     Defendant Santander Consumer USA Inc. ("Santander") is an Illinois corporation with a principal place of business in Texas.

## Jurisdiction and Venue

5.     This Court has federal question jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1332, and 15 U.S.C. § 1691e.

6.     This Court has supplemental jurisdiction under 28 U.S.C § 1367(a).

7.     This Court has jurisdiction over the defendant White Plains Lincoln-Mercury, Inc., because it is a resident of this state.

8.     This Court has jurisdiction over the defendant Santander because it regularly does business in this state.

9.     Venue is proper in this district under 28 U.S.C. § 1391(b) because the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## Facts

10.     On or about December 6, 2013, Plaintiff visited White Plains Lincoln-Mercury, Inc. and entered an agreement with White Plains Lincoln-Mercury, Inc. to purchase a 2009 Nissan Altima.

2

11.     Plaintiff completed a credit application and submitted it to White Plains Lincoln-Mercury, Inc.

12.     White Plains Lincoln-Mercury, Inc. obtained a consumer credit report regarding Plaintiff and used it for the purpose of evaluating Plaintiff's credit application.

13.     White Plains Lincoln-Mercury, Inc. informed Plaintiff that he was approved for the purchase of the vehicle.

14.     Plaintiff paid a down payment of $1,000 towards the purchase of the Vehicle.

15.     Westchester provided Plaintiff with a retail installment contract that included Truth in Lending Act disclosures reflecting the terms of the retail installment contract for which he had been approved:  an Amount Financed of $14,292, an APR of 15.85% , and 72 monthly installments of $315.46.  The Total of Payments on the retail installment contract was $23,713.12.

16.     Plaintiff signed and entered into the above-described retail installment contract.

17.     White Plains Lincoln-Mercury, Inc. later created a second retail installment contract containing different terms, with an Amount Financed of $17,928.60, an APR of 24.99%, 72 monthly payments of $482.83, and Total of Payments of $35,763.76, and it forged Plaintiff's signature on this contract. Plaintiff did not consent to the creation of this forged contract.

3

18.   White Plains Lincoln-Mercury, Inc. assigned the forged contract to Santander and, based upon that assignment, arranged with the Connecticut Department of Motor Vehicles to issue a title that reflected a lien in favor of Santander.

## Count I

### Equal Credit Opportunity Act Violations by White Plains Lincoln-Mercury, Inc.

19.   Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs with the same force and effect as though fully set forth herein.

20.   At the time of the events described in this action White Plains Lincoln-Mercury, Inc. was a "creditor" within the meaning of the ECOA.

21.   White Plains Lincoln-Mercury, Inc.'s refusal to extend credit in accordance with the first retail installment sales contract was an "adverse action" within the meaning of ECOA, 15 U.S.C. § 1691(d).

22.   White Plains Lincoln-Mercury, Inc. failed to provide the notice of adverse action required by ECOA, 15 U.S.C. § 1691(d).

23.   For its violations of ECOA, White Plains Lincoln-Mercury, Inc. is liable to Plaintiff for actual damages, punitive damages of up to $10,000, and reasonable attorney fees under 15 U.S.C. § 1691e.

WHEREFORE, Plaintiff Noel Nugent respectfully requests that this Court

grant the following relief in his favor and against White Plains Lincoln-Mercury, Inc.:

    (A)    Actual damages;

    (B)    Punitive damages;

    (C)    Attorneys' fees, litigation expenses, and costs; and

    (D)    Any other relief that this Court deems appropriate under the circumstances.

## Count II
## TRUTH IN LENDING ACT

24.    Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs with the same force and effect as though fully set forth herein.

25.    White Plains Lincoln-Mercury, Inc. is a "creditor", as that term is defined by 15 U.S.C. § 1602(f) of TILA and Regulation Z, 12 C.F.R. § 226.2(a)(17) and 12 C.F.R. § 1026.2(a)(17) because at all relevant times, White Plains Lincoln-Mercury, Inc., in the ordinary course of business – *i.e.*, more than 25 times per year – extended consumer credit for which a finance charge is or may be imposed, which is payable in more than four installments and because it is a card issuer, whether or not the amount due is payable by agreement in more than four installments or the payment of a finance charge is or may be required.

26.     White Plains Lincoln-Mercury, Inc. violated the Truth in Lending Act, 15 U.S.C. § 1638, by failing to provide Plaintiff with disclosures of the credit terms in the second retail installment sales contract.

27.     In the alternative, the disclosures contained in the second retail installment were not clear and conspicuous because they were misaligned on the preprinted portion of the form and cannot be easily read or ascertained.

28.     For its violations of TILA, White Plains Lincoln-Mercury, Inc. is liable to Plaintiff for actual damages, statutory damages of $2,000, and reasonable attorney fees under 15 U.S.C. § 1640(a).

WHEREFORE, Plaintiff Noel Nugent respectfully requests that this Court grant the following relief in his favor and against White Plains Lincoln-Mercury, Inc.:

(A)     Actual damages;

(B)     Statutory damages of $2,000

(C)     Attorney's fees, litigation expenses, and costs; and

(D)     Any other relief that this Court deems appropriate under the circumstances.

## Count III
### Declaratory Relief against White Plains Lincoln-Mercury, Inc. and Santander

29.     Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs with the same force and effect as though fully set forth herein.

6

30.     Plaintiff is entitled to a court order declaring that the retail installment contract that was assigned to Santander is null and void, requiring Santander to release the lien and assign the title to the vehicle to Plaintiff, and requiring Santander to return all payments received to Plaintiff.

WHEREFORE, Plaintiff Noel Nugent respectfully requests that this Court grant the following relief in his favor and against Santander and White Plains Lincoln-Mercury, Inc.:

(A)     Declaratory relief in the form of an order declaring that the retail installment sales contract that was assigned to Santander is null and void, and requiring Santander to release the lien and assign the title to the vehicle to Plaintiff; and

(B)     An order requiring Santander to return all payments received to Plaintiff; and

(C)     Any other relief that this Court deems appropriate under the circumstances.

## Count IV
## Common Law Fraud Violations by White Plains Lincoln-Mercury, Inc.

31.     Plaintiff restates, realleges, and incorporates by reference all foregoing paragraphs as if set forth fully in this Cause of Action.

32.     White Plains Lincoln-Mercury, Inc.'s agents intentionally, recklessly and/or negligently made the following representations to the Plaintiff: that he was approved for a retail installment contract with an Amount Financed of $14,292, an

APR of 15.85% , 72  monthly installments of $315.46, and Total of Payments of $23,713.12.

33.     Defendant's agents negligently, willfully, intentionally and/or recklessly concealed the following from the Plaintiff: that White Plains Lincoln-Mercury, Inc. had created a second contract containing different terms, with an Amount Financed of $17,928.60, an APR of 24.99%, 72 monthly payments of $482.83, and Total of Payments of $35,763.76, and it forged Plaintiff's signature on this contract.  Plaintiff did not consent to the creation of this forged contract.

34.     White Plains Lincoln-Mercury, Inc. then assigned the forged contract to Santander and, based upon that assignment, arranged with the Connecticut Department of Motor Vehicles to issue a title that reflected a lien in favor of Santander.

35.     In reliance on White Plains Lincoln-Mercury, Inc.'s false representations as set forth in the foregoing paragraphs, Plaintiff entered into a retail installment contract with White Plains Lincoln-Mercury, Inc.

36.     Without White Plains Lincoln-Mercury, Inc.'s false representations, Plaintiff would not have entered into the retail installment contract with White Plains Lincoln-Mercury, Inc.

37.     Plaintiff has been actually damaged by White Plains Lincoln-Mercury, Inc.'s false representations.

8

38.    Plaintiff has also been damaged by White Plains Lincoln-Mercury, Inc.'s assignment of the forged contract to Santander and by causing a lien to be placed on the Vehicle in Santander's name.

39.    Plaintiff relied on the White Plains Lincoln-Mercury, Inc.'s misrepresentations and was induced to purchase the aforementioned automobile.

40.    As a result of the aforementioned conduct, Plaintiff suffered the damages outlined above, in addition to extreme mental anguish, frustration, humiliation, embarrassment and stress.

41.    The Defendant's actions as hereinbefore described were reckless, outrageous, willful, and wanton, thereby justifying the imposition of exemplary, treble and/or punitive damages.

WHEREFORE, Plaintiff Noel Nugent respectfully requests that this Court enter judgment in his favor against White Plains Lincoln-Mercury, Inc. as follows:

(A)    Actual damages;

(B)    Punitive damages;

(C)    Attorney fees, litigation expenses, and costs incurred in bringing this action; and

(D)    Any other relief this Court deems appropriate and just under the circumstances.

Count V
**Violations of New York General Business Law § 349 by White Plains Lincoln-
Mercury, Inc.**

42.     Plaintiff restates, realleges, and incorporates by reference all foregoing paragraphs as if set forth fully in this Cause of Action.

43.     Under New York General Business Law ("GBL") § 349, deceptive acts or practices in the conduct of any business conducted in the State of New York are unlawful.

44.     GBL § 349 provides in relevant part as follows:

> (a) Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful.

> (h) In addition to the right of action granted to the attorney general pursuant to this section, any person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover his actual damages or fifty dollars, whichever is greater, or both such actions. The court may, in its discretion, increase the award of damages to an amount not to exceed three times the actual damages up to one thousand dollars, if the court finds the defendant willfully or knowingly violated this section. The court may award reasonable attorney's fees to a prevailing plaintiff.

45.     The actions and omissions of White Plains Lincoln-Mercury, Inc. as hereinbefore and hereinafter described constitute violations of GBL § 349.

46.     By unlawfully inducing Plaintiff to refinance the retail installment contract and then preparing a second forged contract and forging Plaintiff's signature to it, White Plains Lincoln-Mercury, Inc. has caused Plaintiff to suffer

10

actual economic injury in the form of a higher purchase price and higher monthly payments.

47.     By unlawfully inducing Plaintiff to refinance the retail installment contract and then preparing a second forged contract and forging Plaintiff's signature to it, White Plains Lincoln-Mercury, Inc. has committed materially misleading and consumer-oriented acts that have caused Plaintiff to suffer actual injury.

48.     As a direct and proximate result of White Plains Lincoln-Mercury, Inc.'s deceptive acts and practices, committed in violation of GBL §349, Plaintiff was also damaged in that he, among other things, suffered fear, stress, anxiety and difficulty sleeping, and suffered monetary damages as set forth above.

49.     Upon information and belief, White Plains Lincoln-Mercury, Inc. regularly utilizes deceptive practices as described above.

50.     White Plains Lincoln-Mercury, Inc.'s actions have a broad impact on New York consumers at large.

51.     Plaintiff claims all damages to which he is entitled arising from Defendant's violations of GBL § 349.

WHEREFORE, Noel Nugent respectfully requests that this Court enter judgment in his favor against White Plains Lincoln-Mercury, Inc., as follows:

    (A) Actual damages;

    (B) Punitive damages;

(C) Attorneys' fees, litigation expenses and costs incurred in bringing this action;

(D) Injunctive relief; and

(E) Any other relief that this Court deems appropriate and just under the circumstances.

## Count VI
### Breach of Contract by White Plains Lincoln-Mercury, Inc.

52.    Plaintiff restates, realleges, and incorporates by reference all foregoing paragraphs as if set forth fully in this Cause of Action.

53.    Plaintiff entered into a retail installment contract with White Plains Lincoln-Mercury, Inc. to refinance a loan secured by her vehicle with an Amount Financed of $14,292, an APR of 15.85%, 72  monthly installments of $315.46, and Total of Payments of  $23,713.12

54.    White Plains Lincoln-Mercury, Inc. breached the first retail installment contact by creating a second retail installment contract containing different terms and by assigning the forged contract to Santander and by causing a lien to be placed on the Vehicle in Santander's name.

55.    Plaintiff was in full performance of all of his obligations under the first contract at the time of the breach.

56.    The actions and omissions of White Plains Lincoln-Mercury, Inc. as hereinbefore and hereinafter described constitute breach of contract.

57.     By unlawfully inducing Plaintiff to entering into a retail installment contract and then preparing a forged second contract and forging Plaintiff's signature to it, White Plains Lincoln-Mercury, Inc. has caused Plaintiff to suffer actual economic injury in the form of a higher purchase price and higher monthly payments.

58.     As a direct and proximate result of White Plains Lincoln-Mercury, Inc.'s deceptive acts and practices, committed in violation of the first, un-forged contract, Plaintiff was also damaged in that he, among other things, suffered fear, stress, anxiety and difficulty sleeping, and suffered monetary damages as set forth above.

59.     Plaintiff claims all damages to which she is entitled arising from White Plains Lincoln-Mercury, Inc.'s breach of contract.

WHEREFORE, Noel Nugent respectfully requests that this Court enter judgment in his favor against White Plains Lincoln-Mercury, Inc., as follows:

(A) Actual damages;

(B) Consequential damages;

(C) Attorneys' fees, litigation expenses and costs incurred in bringing this action; and

(D) Any other relief that this Court deems appropriate and just under the circumstances.

13

### Jury Demand

Plaintiff demands trial by jury.

Dated:     New York, New York
           February 26, 2014

                              Respectfully submitted,

                              By: _____
                                  Brian L. Bromberg
                                  One of Plaintiff's Attorneys

<u>Attorneys for Plaintiffs:</u>
Brian L. Bromberg
Jonathan R. Miller
Bromberg Law Office, P.C.
40 Exchange Place, Suite 2010
New York, NY  10005
Tel: (212) 248-7906

Daniel S. Blinn
Consumer Law Group LLC
35 Cold Spring Rd, Suite 512
Rocky Hill CT 06067
Tel: (860) 571-0408

14